There is no doubt that if a suit had been commenced on this lease, by the lessor, against the lessee, a plea in bar of this arbitrament and award would have been good. (Watson on Arb. andAwards, 147, sec. 2, and cases there cited; Fidler v.Cooper, 19 Wend. R. 285.) So too, if the lessor had recovered a judgment against the lessee, and a second suit had been commenced, a plea in bar of the former recovery would have been good. The recovery of such a judgment, being against the original debtor, would not have impaired the rights of the lessor against the sureties. But the difference between a judgment, and an arbitrament and award, so far as the rights of a surety are concerned, is great. If the surety pays the debt after a judgment is recovered, his right of subrogation gives him the judgment, and thereby the means of enforcing payment at once from the property of the original debtor. But if he pays after the award, his right of subrogation gives him only the legal remedies for the enforcement of it; whereas by his contract, he would be entitled to all the remedies the law gives on the lease. The effect therefore, of the submission and award is, to change the character of the rights and remedies to which the party is entitled on payment of the debt. When that is done by the creditor, without the assent of the surety, it is well settled that the latter is discharged. (Colemard v. Lamb, 15 Wend.R. 332, and cases there cited.)
There is still another ground on which the sureties in this case were discharged.
The submission suspended the right of action on the lease from the date of it, viz. 10th October, 1844, to the 25th of that month, when the award was delivered. Although a submission may not be pleaded in bar unless followed by an award, yet it does suspend a suit, and the effect of it may be had by motion. If made before a suit is brought, the proper mode to avail of it would probably be by plea in abatement. (Smith v. Barse, 2Hill, 387, and cases there cited, particularly case of Wells
v. Lain, 15 Wend. R. 99, cited by Hill, note b.) But in whatever *Page 50 
form availed of, it is a serious obstacle, and a substantial suspension of the right of action, and that by all the cases discharges the surety.
McCOUN, J. dissented.
Judgment affirmed.